UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Incipio, LLC | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 1:17-cv-8247 |
| | ) | |
| v. | ) | |
| | ) | |
| The Entities and Individuals Identified in Annex A | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

# COMPLAINT

1. This is a trademark infringement and counterfeiting case brought by Incipio, LLC ("Incipio" or "Plaintiff"), the owner of the trademarks INCIPIO and DUALPRO used on cell phone cases and related products.

2. Incipio files this action against counterfeiters who trade upon Incipio's reputation and goodwill by selling and/or offering for sale over the internet unauthorized counterfeit products, including cell phone cases, laptop and tablet cases, and other cell phone and electronics accessories, using counterfeit versions of Incipio's federally registered trademarks (the "Counterfeit Incipio Goods"). Defendants create commercial internet sites and online marketplace listings in order to make them seem as if they offer bona fide Incipio products. However, the products that are offered, unbeknownst to consumers, are actually counterfeit. Some of these websites share design elements as well as product descriptions and images, suggesting a link among these sites and the parties responsible for establishing them. Defendants use false names and internet registration information in order to avoid detection. Incipio brings this suit in order to enjoin Defendants' ongoing counterfeiting of Incipio's products and infringement of its registered trademarks, as well as to obtain monetary relief.

Incipio has been and continues to be irreparably damaged through Defendants' infringement of its valuable trademarks.

## I. JURISDICTION AND VENUE

3. This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 1338(a).

4. This Court has supplemental jurisdiction over Plaintiff's claims that arise under the laws of the State of Illinois pursuant to 28 U.S.C. § 1367(a).

5. Venue in this judicial district is proper under 28 U.S.C. § 1391(b) because this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred. Each of the Defendants directly targets consumers in the United States, including Illinois, through the offering of one or more interactive, commercial websites offering online sales which are identified in the attached Annex A (collectively, the "Defendant Internet Stores"). Each of the Defendants is committing tortious acts in Illinois by targeting Illinois residents for its sales, by offering to ship to Illinois, by accepting payment in U.S. dollars, and, on information and belief, by selling counterfeit products using Incipio's federally registered trademarks to Illinois residents.

## II. THE PARTIES

### A. Plaintiff Incipio

6. Plaintiff Incipio, LLC is a limited liability company organized and existing under the laws of the State of Delaware, having its principal place of business at 6001 Oak Canyon, Irvine, California 92618.

7. Incipio designs, manufactures and sells innovative cases, sleeves, battery packs, battery cases, charging bases, car chargers, wall chargers, charging cables, and accessories for smartphones, tablets, and laptops. Incipio was founded in 1999 and has since become a world

leading designer and producer of cell phone cases and tablet covers. In 2017, Incipio's worldwide sales totaled hundreds of millions of dollars in the United States alone.

8. Incipio products are distributed and sold to consumers throughout the United States, including in Illinois, through retailers such as Walmart, Best Buy, T-Mobile, Verizon, AT&T, and other retail shops. Incipio products are also distributed and sold online both through Incipio's official website, incipio.com, as well as through online retailers, such as Amazon.

9. Incipio has operated its website at incipio.com to sell its products and provide information concerning the company and its products since 2012. This website features proprietary content created by Incipio for the purpose of marketing and selling its products to consumers.

10. Incipio is an official partner of several leading smartphone and tablet manufacturers, including Samsung (for the Galaxy Note8, Galaxy S8, and Galaxy S8+, among other models), Motorola, and Google.

11. Incipio is the owner of many trademarks used in connection with its products. As a result of Incipio's use of these marks on its products in commerce, Incipio owns common law trademark rights in these trademarks. Many of Incipio's marks are also registered with the U.S. Patent and Trademark Office on the Principal Register. The following registered marks are collectively referred to herein as the "Incipio Trademarks":

| REGISTRATION NUMBER | REGISTERED TRADEMARK | REGISTRATION DATE | INTERNATIONAL CLASS(ES) /GOODS AND SERVICES |
|---|---|---|---|
| 5287418 | INCIPIO | Sept. 12, 2017 | 9, 21, 23, 26, 36, 38 |
| 4480666 | INCIPIO | Feb. 11, 2014 | 9, 21, 23, 26, 36, 38 |
| 3638230 | INCIPIO | June 16, 2009 | 9, 21, 23, 26, 36, 38 |
| 4369857 | DUALPRO | July 16, 2013 | 9 |

Attached hereto as Exhibit A are true and correct copies of the Certificates of Registration for the Incipio Trademarks.

12. The Incipio Trademarks are inherently distinctive when applied to the Incipio products.

13. The Incipio Trademarks have been used exclusively and continuously by Incipio, and have never been abandoned. The registrations for the Incipio Trademarks are valid, subsisting, and in full force and effect.

14. The registrations for the Incipio Trademarks constitute *prima facie* evidence of their validity and of Incipio's exclusive right to use the Incipio Trademarks pursuant to 15 U.S.C. § 1057(b).

15. Incipio and the products it sells under the Incipio Trademarks have seen significant growth in the last several years. The Incipio Trademarks have been extensively promoted and advertised, and consumers have come to strongly associate the Incipio Trademarks with Incipio.

16. From 2012 to 2016, Incipio spent an average of over $5 million annually on advertising and marketing. Thus far in 2017, Incipio's advertising and marketing expenditures have exceeded $7 million.

17. Incipio products have also been the subject of extensive unsolicited publicity resulting from their high quality and innovative design.

18. Coverage of Incipio's brands in online media results in hundreds of millions of unique monthly visitors to articles discussing and acknowledging Incipio's products. Among the publications that have featured Incipio's products and brands with unsolicited coverage are Time, Forbes, The Nation, Yahoo! Sports, Digital Trends, AndroidHeadlines, Business Insider,

Android Central, Men's Fitness, Men's Health, PC Gamer, PC Mag, InStyle, Stuff Magazine, Wirecutter, ZDNET, CNET, MacRumors, and Techaeris.

19. Incipio's products are routinely awarded recognition as among the best cases available in the marketplace for smartphones and other mobile devices. For example, the new ESQUIRE SERIES Slim Case for iPhone 8 has been highlighted in MacSources and Digital Trends as one of the "Best iPhone 8 Cases So Far." Additionally, the Incipio Reprieve Sport Case and the Incipio Octane Case for the Galaxy S8 and S8+ were both named a "Best Samsung Galaxy G8 and S8 Plus Case" by CNET. Also, Incipio's cases have been featured as "Best Google Pixel 2 XL Cases" in publications by Digital Trends, Yahoo! Sports, and Gotta Be Mobile, among other sources.

20. Incipio's STOWAWAY case for the iPhone 7 was featured as Business Insider editor, Ellen Hoffman's favorite phone case in "*18 things that make our commutes much more bearable*," in which she stated "...No case has served me better than Incipio's Stowaway case."

21. In view of Incipio's efforts and the response of the marketplace to Incipio's products, the Incipio Trademarks have become well-known throughout the United States, uniquely signifying to consumers that the products come from Incipio.

22. Consumers have come to associate the Incipio Trademarks with goods of the highest quality, and the goodwill associated with the Incipio Trademarks is of incalculable value.

**B.    The Defendants**

23. On information and belief, Defendants are individuals and business entities who conduct business in the United States, including within Illinois, through their operation of interactive, online marketplaces and/or websites which offer for sale Counterfeit Incipio Goods.

5

24. On information and belief, based on similarities in the characteristics of some of the websites and counterfeit merchandise offered for sale, some of the Defendants are related to or working with one another as parts of a single enterprise to willfully make, distribute, offer for sale, and sell counterfeit products under the Incipio Trademarks.

25. At present, many of the Defendants can only be identified through their websites and other limited publicly available information, Incipio will voluntarily amend its Complaint if Defendants provide additional credible information regarding their identities.

### III. DEFENDANTS' UNLAWFUL CONDUCT

26. Because Incipio's products are highly valued and its Incipio Trademarks are widely recognized by consumers, Incipio's products have been subject to widespread counterfeiting. Incipio's investigation has revealed many online marketplace listings on platforms such as eBay, TaoBao, Mercari, and Alibaba, including listings posted by Defendants, which offer for sale and, on information and belief, sell Counterfeit Incipio Goods to consumers in Illinois and offer to ship those products to Illinois.

27. Defendants intentionally deceive and mislead consumers by creating websites that appear as if they belong to authorized online retailers who offer bona fide Incipio Goods. These websites commonly use Incipio Trademarks, including logos, without Incipio's permission. The sites also include payment options such as accepting payment via credit cards, such as Visa®, MasterCard®, or American Express®, via the PayPal® online payment service, or through other means denominated in U.S. currency. The content of these sites is designed to make it difficult for consumers to detect that the site does not belong to an authorized retailer or that the products being sold are counterfeit products.

28. Many of the websites used by Defendants to sell counterfeit Incipio Goods also misuse Incipio Trademarks within the text or meta tags of the sites or on their online marketplace listings. Defendants leverage these uses of Incipio Trademarks in order to attract consumers searching for bona fide Incipio products because the use of the Incipio Trademarks in this manner causes these listings to appear toward the top of internet search results for searches containing the Incipio Trademarks. Thus, these tactics contribute to the intentional misdirection of consumers using the internet to find bona fide Incipio products to instead be directed to counterfeit products on Defendants' websites and listings.

29. Defendants, like many counterfeiters and sellers of counterfeit merchandise, use common deceptive tactics in order to evade detection by trademark owners. For example, some of the Defendants operate under many different names on a variety of different websites and sales platforms to overwhelm the marketplace with a multitude of counterfeit products. These sites conceal the actual persons and entities responsible for the websites and listings in favor of fictitious ones.

30. Additionally, counterfeiters like Defendants commonly disable their websites and marketplace accounts and attempt to disappear as soon as they learn that they have been sued. They typically re-emerge under new online marketplace accounts with new fictitious names after a short period of time. Additionally, these actors often utilize multiple Paypal®, credit card accounts, and payment gateways so that even if detection requires them to close down one account, there are others set up to take its place.

31. Counterfeiters located abroad frequently maintain off-shore and foreign bank accounts. If detected, these counterfeiters act to quickly move funds from their accounts

7

denominated in U.S. currency, such as PayPal® accounts, to off-shore bank accounts outside the jurisdiction of this Court.

## COUNT I

## FEDERAL TRADEMARK INFRINGEMENT AND COUNTERFEITING

32. Incipio repeats and incorporates by reference the allegations contained in Paragraphs 1 through 31.

33. Section 32 of the Lanham Act, 15 U.S.C. § 1114(1)(a), provides in pertinent part that "[a]ny person who shall, without the consent of the registrant — use in commerce any reproduction, counterfeit, copy, or colorable imitation of a registered mark in connection with the sale, offering for sale, distribution, or advertising of any goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive . . . shall be liable in a civil action by the registrant . . . ."

34. Defendants have each sold and/or offered to sell goods using a reproduction, counterfeit, copy, or colorable imitation of one or more of the Incipio Trademarks in connection with the sale, offering for sale, distribution, or advertising of goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive in violation of Section 32 of the Lanham Act. None of these activities is undertaken with the license, permission, or authorization of Incipio.

35. Defendants' acts of infringement and counterfeiting in violation of Section 32 of the Lanham Act are intentional, malicious, fraudulent, willful, and deliberate.

36. Defendants have each knowingly and willfully intended to trade on the recognition of, and has willfully intended to harm the reputation of, one or more of the registered Incipio Trademarks.

37. Defendants' acts of infringement in violation of Section 32 of the Lanham Act have inflicted and, if not enjoined, will continue to inflict irreparable harm on Incipio. Thus, Incipio has no adequate remedy at law.

38. Pursuant to 15 U.S.C. § 1117, Incipio is entitled to recover damages in an amount to be determined at trial, including Defendants' profits, losses sustained by Incipio due to Defendants' conduct, and costs of the action. Furthermore, the actions of Defendants were undertaken willfully and with the intention of causing confusion, mistake, or deception, making this an exceptional case entitling Incipio to recover additional treble damages and reasonable attorneys' fees pursuant to 15 U.S.C. § 1117.

## COUNT II

### FEDERAL FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION

39. Incipio repeats and incorporates by reference the allegations contained in Paragraphs 1 through 38 as if set forth fully herein.

40. Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), provides in pertinent part that "[a]ny person who, on or in connection with any goods or services . . . uses in commerce any word, term, name, symbol . . . . or any false designation of origin . . . which is likely to cause confusion or to cause mistake, or to deceive as to affiliation . . . or as to origin, sponsorship, or approval of goods [or] services . . . shall be liable in a civil action."

41. Defendants' use of the Incipio Trademarks in order to promote, market, offer for sale, and sell the Counterfeit Incipio Goods has created and is creating a likelihood of confusion, mistake, and deception as to affiliation, connection, or association with Incipio or the origin, sponsorship, or approval of Defendants' Counterfeit Incipio Goods. By using the Incipio Trademarks on the Counterfeit Incipio Goods, Defendants create a false designation of origin.

9

42. Defendants' actions demonstrate a malicious, intentional, willful, and bad faith intent to trade on Incipio's goodwill and to cause confusion, deception, and mistake by offering counterfeit products under the Incipio Trademarks and by intentionally portraying a non-existent affiliation or relationship between Incipio and Defendants' goods, businesses, and websites, thereby causing significant and irreparable injury to Incipio.

43. Defendants have willfully intended to trade on the recognition of, and have willfully intended to harm the reputation of Incipio and the Incipio Trademarks.

44. Defendants' aforementioned acts constitute false designation of origin, trademark infringement, and unfair competition in violation of 15 U.S.C. § 1125(a) (Section 43(a) of the Lanham Act).

45. Defendants' actions have caused and are likely to cause substantial injury to the public and to Incipio, its business, goodwill, and reputation.

46. Incipio is entitled to injunctive relief, and to recover Defendants' profits associated with the infringement and Incipio's costs and reasonable attorneys' fees under 15 U.S.C. §§ 1116 and 1117.

## COUNT III

## ILLINOIS DECEPTIVE TRADE PRACTICES ACT

47. Incipio repeats and incorporates by reference the allegations contained in Paragraphs 1 through 46 as if set forth fully herein.

48. Defendants' misuse of the Incipio Trademarks and their offering of counterfeit products on their websites and through their various marketplace accounts cause consumers to believe that their activities and products come from, are, or were endorsed by, affiliated with, or connected with Incipio. Therefore, they misrepresent the nature of those goods and services and are likely to cause confusion, or to cause mistake, or to deceive as to the origin, sponsorship, or

approval of Defendants' goods. Thus, these actions constitute violations of the Illinois Consumer Fraud and Deceptive Business Practice Act, 815 ILL. COMP. STAT. 505/1, et seq.

49. As a result of Defendants' acts, Incipio has suffered, and continues to suffer irreparable injury to its reputation and goodwill.

## PRAYER FOR RELIEF

WHEREFORE, Incipio prays for judgment as follows:

1. That Defendants, and each of them, and their respective agents, employees, servants, affiliates, and all persons acting for, with, or in concert with them be temporarily, preliminarily, and permanently enjoined and restrained from:

   a. using the Incipio Trademarks or any variant, reproduction, copy, or colorable imitation thereof as a trademark, trade name, corporate identity, domain name, or indicia of origin on Defendants' products or in connection with the marketing, advertisement, distribution, sale, or offering for sale of Defendants' products, unless such products are genuine products made by Incipio or with Incipio's authorization;

   b. engaging in any conduct which will cause, or is likely to cause, confusion, mistake, deception, or misunderstanding as to source, or confusion as to the affiliation, connection, association, origin, sponsorship, or approval of Defendants' business, services, website or other activities with Incipio or the Incipio Trademarks;

   c. passing off or inducing or causing others to pass off any product under one of the Incipio Trademarks unless such product is a genuine Incipio product sold under one of the Incipio Trademarks with the authorization of Incipio;

11

      d.      selling, disposing, destroying, transferring, or otherwise distributing any counterfeit or infringing products in inventory or otherwise currently possessed or under the control of Defendants or any of Defendants' agents, whether to customers or to any third party.

    2.      That, upon Incipio's request, all in privity with Defendants and with notice of the injunction, including but not limited to any online marketplace platforms, such as eBay, TaoBao, Mercari, and Alibaba, vendors of sponsored search terms or online ad-word providers, financial services providers, including but not limited to credit card providers, banks, merchant account providers, third party payment processors, web hosts, and Internet search engines, such as Google, Bing, and Yahoo shall:

      a.      cease providing services used by Defendants, currently or in the future, to sell or offer for sale goods under one or more of the Incipio Trademarks;

      b.      cease displaying any advertisements in any form, connected or associated with Defendants in connection with the sale of counterfeit or infringing goods under one or more of the Incipio Trademarks; and

      c.      disable all links to the marketplace accounts identified on Annex A from displaying in search results, including from any search index.

    3.      That Defendants, and each of them, account to Incipio for their profits and any damages sustained by Incipio arising from their acts of counterfeiting and infringement;

    4.      That Incipio be awarded enhanced damages under 15 U.S.C. § 1117 and Incipio's reasonable attorneys' fees;

    5.      In the alternative, that Incipio be awarded statutory damages under 15 U.S.C. § 1117(c)(2).

     6.     That the Defendants disgorge any profits earned by their tortious activities;

     7.     That Incipio be awarded punitive damages;

     8.     That Incipio be awarded pre-judgment interest as allowed by law;

     9.     That Incipio be awarded the costs of this action;

     10.     That Incipio be awarded its reasonable attorneys' fees incurred in connection with this action; and

     11.     That Incipio be awarded such further legal and equitable relief as the Court deems proper.

Dated this 14th day of November, 2017

                                       Respectfully submitted,

                                       INCIPIO, LLC

                                     /s/ James E. Griffith
                                     Marshall, Gerstein & Borun LLP
                                     Benjamin T. Horton
                                     Gregory J. Chinlund
                                     James E. Griffith
                                     Michelle Bolos
                                     233 South Wacker Drive
                                     6300 Willis Tower
                                     Chicago, Illinois 60606-6357
                                     Telephone: (312) 474-6300
                                     Facsimile: (312) 474-7044